UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EXAMWORKS, LLC,

    Plaintiff,

v.

NAHLA RIZKALLAH,

    Defendant.
_____/

CASE NO. 8:25-cv-273-SDM-AAS

## ~~JOINT STIPULATION RE [PROPOSED]~~ PRELIMINARY INJUNCTION

Plaintiff EXAMWORKS, LLC ("ExamWorks"), and Defendant NAHLA RIZKALLAH ("Defendant"), by and through their respective attorneys, hereby submit the following Joint Stipulated Order for Preliminary Injunction, as follows:

WHEREAS, on February 3, 2025, Plaintiff filed its Verified Complaint and Demand for Preliminary and Permanent Injunction ("Complaint") (D.E. 1) against Defendant alleging causes of action for violation of the Defend Trade Secrets Act and Florida Uniform Trade Secrets Act, and breach of contract;

WHEREAS, on February 3, 2025, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (D.E. 2), and a Motion for Early and Expedited Discovery (D.E. 3).

WHEREAS, on February 4, 2025, the Court entered a Temporary Restraining Order ("TRO") (D.E. 7), granting Plaintiff temporary injunctive relief through February 18, 2025 (the "TRO Expiration Date");

1

WHEREAS, the Court, upon consideration of the Parties' joint oral motions for extension of the TRO Expiration Date (D.E. 19, 26, 31), has entered Orders extended the TRO Expiration Date to March 14, 2025 (D.E. 20), to March 28, 2025 (D.E. 27), and most recently to April 30, 2025 (D.E. 32);

WHEREAS, counsel for Plaintiff and Defendant communicated and determined that the Parties may be able to resolve this dispute without further litigation and wish to proceed with a mutually agreeable process to avoid potential cost and uncertainty of litigation without admission of wrongdoing; and

WHEREAS, the Parties now seek to enter into a Joint Stipulated Preliminary Injunction Order to begin this settlement process.

NOW, THEREFORE, pursuant to the foregoing recitals, the Parties now stipulate and agree as follows:

1. Defendant is enjoined from directly or indirectly transferring, using, or disclosing Plaintiff's property, including but not limited to confidential and proprietary information and trade secrets acquired by Defendant in the course and scope of her employment with Plaintiff in all possible forms ("Property");

2. Defendant has already returned Plaintiff's Property to Plaintiff and deleted all digital copies;

3. To maintain the status quo during the pendency of this litigation, and without prejudice to defenses which may be made by Defendant, including but not limited to the enforceability of the subject employment agreement or continued need for this injunction, Defendant is enjoined from breaching or violating the terms of her Confidentiality and Non-Competition Agreement (the "Agreement"), including, but not limited to, the non-competition and non-solicitation provisions of the Agreement; and

4. Other than the deletion of the digital copies of Plaintiff's Property which has already occurred, Defendant is enjoined from destroying, erasing, or otherwise making unavailable for further proceedings in this matter any records or documents in all possible forms (including but not limited to data or information maintained in computer media and text messages) in Defendant's possession, custody, and control, or to which Defendant has access, which related to any of the events alleged in Plaintiff's Complaint.

IT IS SO STIPULATED

Respectfully submitted,

| | |
|---|---|
| JACKSON LEWIS, P.C. | THE D'APUZZO LAW FIRM |
| /s/ Brian L. Hayden | /s/ T. D'Apuzzo |
| Brian L. Hayden, Esq. | Theodore D'Apuzzo, Esq. |
| FL Bar No.: 0058987 | Fl. Bar No.: 0073018 |
| Brian.Hayden@jacksonlewis.com | ted@dapuzzolaw.com |
| Christian G. Clark, Esq. | |
| FL Bar No.: 1039890 | |
| Christian.Clark@jacksonlewis.com | |
| *Attorneys for Plaintiff* | *Attorney for Defendant,* |

Based on the Parties' Joint Stipulation, IT IS SO ORDERED.

Entered in Tampa, Florida on this __25__ day of __April__ 2025.

_____
UNITED STATES
~~DISTRICT~~/MAGISTRATE JUDGE

4915-4043-4234, v. 1

3