UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EXAMWORKS, LLC,

Plaintiff,

v.                                                          CASE NO.:  8:25-cv-273-SDM-AAS

NAHLA RIZKALLAH,

Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, NAHLA RIZKALLAH, ("Defendant"), by and through her undersigned counsel and pursuant to applicable rules, hereby files this *Answer and Affirmative Defenses* to Plaintiff's *Verified Complaint and Demand for Preliminary and Permanent Injunction,* ("Complaint"), and states as follows:

1.      Admissions:  Defendant admits the allegations contained in Paragraphs 1-7 and 13 of the Complaint.

2.      Denials:  Defendant denies Paragraphs 14-31, 33-45, 47-61 Complaint and demands strict proof thereof.

3.      Without Knowledge:  Defendant is without knowledge as to Paragraphs 8-12 of the Complaint and therefore denies same.

4.      Reaffirmation of Responses:  Defendant reaffirms and reincorporates her prior responses identified herein with regard to Paragraphs 32, 46, and 62 of the Complaint.

5.      Denial as to all other Allegations:   If any allegations contained in the Complaint are not specifically addressed above, Defendant hereby denies all such allegations and demands strict proof thereof.

THE D'APUZZO LAW FIRM, 2755 E. OAKLAND PARK BLVD., STE. 303 FT LAUDERDALE, FL 33306 TEL. (954) 507-4074 FAX (954) 507-4076

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### Data Already Deleted, No-Transmission to Third Parties, and No Actual Damage

Defendant states that Plaintiff is barred from pursing its claims as both the federal and state statutes require a showing of actual damage, of which there is none. Exemplary damages are calculated using actual damage metrics and are therefore also not applicable.

Defendant worked for the Plaintiff, and under its prior corporate structure and the prior company, for over a dozen years. She was an exceptional asset to the company and was well-regarded in her field and with her co-workers, and is now retired.

Defendant never hid her actions, never transmitted company data to third parties, and complied with all of Plaintiff's requests. Defendant did not send herself "over 100 emails" as alleged in the complaint. Defendant voluntarily agreed to a third-party computer forensic review of her personal e-mail and laptop computer, which confirmed her deletion of company data after she retired, with the exception of one (1) document which was in the "trash bin" of her computer and two (2) emails, which Defendant states were inadvertently not deleted post-retirement.

The one (1) document and two (2) emails have since been deleted by the third-party computer forensic expert. Accordingly injunctive relief is also not appropriate.

### Second Affirmative Defense

### No Willful or Malicious Conduct

Defendant states that Plaintiff is barred from pursing its claims for exemplary damages, fees, and costs, as such recovery requires willful and malicious conduct, of which there is none.

.

THE D'APUZZO LAW FIRM, 2755 E. OAKLAND PARK BLVD., STE. 303 FT LAUDERDALE, FL 33306 TEL. (954) 507-4074 FAX (954) 507-4076

### Third Affirmative Defense

### Mitigation of Damages

Defendant states that Plaintiff failed to mitigate its purported damages as these matters could have been clarified, or otherwise resolved, without litigation. Defendant complied with Plaintiff's requests at all times, including voluntarily agreeing to a third-party computer forensic review of her personal e-mail and laptop computer. Plaintiff gave no pre-litigation notice, demand, or request to Defendant involving this matter.

### Fourth Affirmative Defense

### Lack of Standing

Defendant states that Plaintiff lacks standing to pursue this cause of action as it fails to establish any assignment of the 2013 employment agreement from Gould & Lamb to Plaintiff and fails to establish Defendant's acceptance of any such assignment. The issues alleged in this litigation do not involve data owned by Gould & Lamb.

### Fifth Affirmative Defense

### Expiration of Employment Agreement

Defendant states that Plaintiff cannot pursue its contractual claims as she was re-hired by the new corporate entity in or about 2014, rendering the 2013 employment agreement with Gould & Lamb terminated, expired, or otherwise inapplicable to her subsequent employment with Plaintiff.

### Sixth Affirmative Defense

### Unenforceable Penalty Provisions

Defendant states that Plaintiff cannot pursue damages for its contractual claims as the alleged liquidated damage provisions is an unenforceable penalty.

THE D'APUZZO LAW FIRM, 2755 E. OAKLAND PARK BLVD., STE. 303 FT LAUDERDALE, FL 33306 TEL. (954) 507-4074 FAX (954) 507-4076

## Seventh Affirmative Defense

## Unenforceable Restrictive Covenants

Defendant states that Plaintiff pursue an injunction for the contractual restrictive covenants because they are overly broad and unenforceable.

## Eighth Affirmative Defense

## Contract is Void

Defendant states that Plaintiff cannot pursue its contractual claims as the unenforceable contractual provisions therein render the contract void.

## DEMAND FOR ATTORNEYS' FEES

Defendant demands an award of attorneys' fees and costs pursuant to any and all alleged contracts, statutory causes, applicable rules and procedures, and case law.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

**THE D'APUZZO LAW FIRM**
2755 E. Oakland Park Blvd., Ste. 303
Ft. Lauderdale, FL 33306
Telephone: (954) 507-4074
Facsimile: (954) 507-4076
Primary email: ted@dapuzzolaw.com
Secondary email: service@dapuzzolaw.com

By: */s/ T. D'Apuzzo*
Theodore D'Apuzzo, Esq.
Florida Bar No.: 0073018

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 11, 2025, I electronically filed the foregoing with the Court of Court using the CM/ECF system, and have served the same on Brian Hayden, Esq. at brian.hayden@jacksonlewis.com and Christian Clark, Esq. at christian.clark@jacksonlewis.com.

By: */s/ T. D'Apuzzo*
Theodore D'Apuzzo, Esq.

THE D'APUZZO LAW FIRM, 2755 E. OAKLAND PARK BLVD., STE. 303 FT LAUDERDALE, FL 33306 TEL. (954) 507-4074 FAX (954) 507-4076